FILED
U.S. District Court
District of Kansas
08/24/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RYAN CHRISTOPHER CHEATHAM,**

**Plaintiff,**

**v.** **CASE NO. 26-3208-JWL**

**JERRY BARTON, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. On July 23, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed, and granting him an opportunity to file an amended complaint to cure the deficiencies. On August 10, 2026, Plaintiff filed his Amended Complaint (Doc. 9). This matter is before the Court for screening Plaintiff's Amended Complaint, and on Plaintiff's Motion for Temporary Restraining Order (Doc. 8) and Supplement to Motion for Temporary Restraining Order (Doc. 10). The Court's screening standards are set forth in the Court's MOSC.

## I. Nature of the Matter before the Court

Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"), his claims in his original Complaint were based on his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF") and his medical care at the Larned State Correctional Facility ("LSCF"). Plaintiff's Amended Complaint drops the claims regarding his medical care at LSCF, and retains the claim against LCF Officers Barton and Hoag regarding an alleged use of excessive force at LCF on March 13, 2025.

Plaintiff claims in his Amended Complaint that at LCF on March 13, 2025, he and his cellmate Taggart Lee were taken to the shower located in A4 cellhouse. (Doc. 9, at 2.) Plaintiff states that upon completion of a strip search, Plaintiff was taken out of the shower and began walking back to his cell (Cell 122). *Id*. Plaintiff claims that Officer Barton slammed Plaintiff up against the wall. *Id*. Plaintiff claims that upon returning to Cell 122, Plaintiff stuck his arm out of the food port to finish being uncuffed, and Officers Barton and Hoag violently pulled Plaintiff's right hand by the free cuff that hung from his right hand and was initially attached to his left hand. *Id*. at 4. Plaintiff claims that the top of the food port dug into the top of his forearm, leaving a visible deformity. *Id*. at 3–4. In his attached Affidavit, Plaintiff claims that Officer Barton stated "we will snap your shit" and asked "you want us to[]" when the officers were pulling Plaintiff's free cuff. (Doc. 9–1, at 1.)

Plaintiff claims that after the incident he requested medical care by putting in a sick call but was denied. (Doc. 9, at 4.) Plaintiff claims that he was then transferred back to the Larned Correctional Facility. *Id*. Plaintiff claims that although Officers Barton and Hoag denied having any interaction with Plaintiff on March 13, 2026,[1] Taggart Lee—Plaintiff's cellmate—received a disciplinary report that shows Barton and Hoag's names as the reporting officers.

As Count I, Plaintiff alleges excessive use of force in violation of the Eighth Amendment based on Officer Barton and Officer Hoag pulling his free cuff so hard that the food port dug into Plaintiff's right forearm leaving a deformity. *Id*. at 3. As Count II, Plaintiff alleges cruel and unusual punishment in violation of the Eighth Amendment based on the same incident. *Id*.

[1] This reference to 2026 appears to be an error. The remainder of Plaintiff's Amended Complaint and his attached Affidavit reference March 13, 2025, as the date of the incident. *See* Docs. 9 and 9–1. Plaintiff's original Complaint also references March 13, 2025. *See* Doc. 1.

In his Amended Complaint, Plaintiff names as defendants: Jerry Barton, Correctional Officer ("CO") at LCF; and Nathan Hoag, Sort Team CO at LCF. Plaintiff seeks $500,000 in compensatory and punitive damages. *Id*. at 6.

## II. DISCUSSION

### A. Eighth Amendment Claim

Plaintiff claims that Officers Barton and Hoag violently pulled Plaintiff's right hand by the free cuff causing the top of the food port to dig into the top of his forearm, leaving a visible deformity. Plaintiff's claims in Counts I and II are based on this same incident, with one based on excessive force and one based on cruel and unusual punishment. An excessive force claim by a convicted prisoner arises under the Eighth Amendment's Cruel and Unusual Punishments Clause. *See Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (stating that "claims of excessive force involving convicted prisoners arise under the Eighth Amendment"). Therefore, a claim based on an excessive use of force is a claim of cruel and unusual punishment under the Eighth Amendment. Plaintiff's claims in Counts I and II are duplicative, and the Court will address Plaintiff's claims as a single Eighth Amendment claim.

The Eighth Amendment's prohibition against "cruel and unusual punishments" applies to the treatment of inmates by prison officials. *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986). Prison officials violate inmates' Eighth Amendment rights when they subject them to the "unnecessary and wanton infliction of pain." *Id*. at 319. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (citation omitted). "The Eighth Amendment's prohibition of 'cruel and

unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id*. at 9–10.

Plaintiff must prove both an objective component and subjective component to succeed on an excessive force claim. *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003). To establish the objective component, Plaintiff must show that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*. Not every isolated battery or injury to an inmate amounts to a federal constitutional violation. *See Hudson*, 503 U.S. at 9 (stating that not "every malevolent touch by a prison guard gives rise to a federal cause of action.") (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")).

The Court finds that Plaintiff's Eighth Amendment claim is sufficient to pass screening. Other courts have held that:

> Slamming a person's arm in a (likely metal) food tray slot is objectively harmful, and it is difficult, without more detail, to infer how such an action would be related to a good faith effort to restore or maintain discipline. *See e.g., Williams v. Woodson*, 2016 WL 4539660, at *6 (M.D. Ga. Aug. 30, 2016), *report and recommendation adopted*, 2016 WL 11658951 (M.D. Ga. Sept. 26, 2016) (finding that allegations that correctional officer repeatedly slammed the cell door tray flap on Plaintiff's arms were sufficient to state a claim for excessive force in violation of the Eighth Amendment); *Driver v. Novy*, 2015 WL 9463180, at *3 (S.D. Ga. Dec. 28, 2015) (holding that allegations that correctional officer twisted his arm and slammed the tray flap against his arm were sufficient to state a claim for excessive force in violation of the Eighth Amendment).

*Baker v. GEO Lawton Corr. Facility*, 2024 WL 4720294, at *3 (W.D. Okla. Jan. 22, 2024), *report*

*and recommendation adopted in part,* 2024 WL 4512338 (W.D. Okla. Oct. 17, 2024).

**B. Motion for Temporary Restraining Order ("TRO") (Doc. 8)**

Plaintiff claims that the KDOC seized his legal documents and property on July 28, 2026, based on a policy that forces inmates to accept cellmates or lose their property. (Doc. 8, at 1–2.) Plaintiff claims that he just accepted a cellmate and they still came and took his property. *Id*. at 2. Plaintiff requests an attorney and oral argument. *Id*.

This case involves a single instance of an alleged use of excessive force at LCF on March 13, 2025. Plaintiff is now housed at EDCF and his issues with his property and refusal to accept a cellmate are completely unrelated to the issue in this case. Plaintiff cannot use the instant case to make claims regarding his current, unrelated grievances at EDCF. Any such grievances must be exhausted through the prison's administrative grievance procedure and then brought pursuant to a newly-filed civil rights action. Plaintiff's motion is denied.

**C. Supplement to Motion for Temporary Restraining Order (Doc. 10)**

Plaintiff's supplemental request for a TRO references an alleged use of force at EDCF on July 30, 2026. (Doc. 10, at 1.) Plaintiff states that he was shot[2] while in handcuffs inside a cell. *Id*. Plaintiff again mentions that his property was seized, and argues that he "hasn't received any forms from the courts to correct Plaintiff's complaint." *Id*. Plaintiff's claim that he did not receive a form for correcting his Complaint is curious, considering that the day prior to filing his supplement to the motion for TRO he submitted his Amended Complaint on the Court-approved form that was provided to him with the Court's MOSC. Plaintiff's supplemental motion is denied for the same reasons his original motion seeking a TRO is being denied.

[2] Plaintiff filed a similar motion in Case No. 25-3241 where he clarified that he was shot with pepperballs. *See Cheatham v. Easley*, Case No. 25-3241, Doc. 46 (D. Kan. Aug. 11, 2026).

**IT IS THEREFORE ORDERED** that Plaintiff's motion and supplemental motion seeking a TRO (Docs. 8, 10) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claim based on excessive force passes screening. The Court will enter a separate service order for Defendants Barton and Hoag.

**IT IS SO ORDERED**.

**Dated August 24, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**