**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RYAN CHRISTOPHER CHEATHAM,**<br><br>Plaintiff,<br><br>v.<br><br>**JERRY BARTON, et al.,**<br><br>Defendants. | Case No. 5:26-CV-03208-JMK-RES |

**ORDER**

Before the Court is pro se Plaintiff Ryan Christopher Cheatham's Motion to Appoint Counsel to represent him in this case. ECF No. 18. For the reasons explained below, the Court denies the Motion without prejudice with the option to renew after the summary judgment stage has passed.[1]

## I. LEGAL STANDARD

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (citing *Bethea v. Crouse,* 417 F.2d 504, 505 (10th Cir. 1969)). In cases where a plaintiff has been granted in forma pauperis status, such as this one, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, 883 n.9 (10th Cir. 2010) (citation omitted and internal quotes omitted); *see also Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) ("[T]he district

[1] The Court liberally construes a pro se party's filings and holds them to a less stringent standard than those drafted by lawyers, but the Court does not assume the role of the pro se party's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915(d)[.]" (internal quotes omitted)). As indicated on this District's motion for appointment of counsel form, "[w]hile the court may appoint an attorney . . . it does so only in rare cases." *See* District of Kansas's model Motion for Appointment of Counsel at 1 (emphasis original) available here: Motion-for-appointment-of-counsel-2018.pdf (hereinafter "Model Motion"); *see also Blain v. Wyandotte Cnty. Det. Ctr.*, No. 20-CV-4043-JWB-TJJ, 2020 WL 7265187, at *1 (D. Kan. Oct. 16, 2020) ("This Court rarely grants motions for appointment of counsel in civil cases brought by pro se litigants.").

When deciding whether to appoint counsel, the Court considers the following factors: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).[2] "Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Dwerlkotte v. Mitchell*, No. 5:21-CV-3264-DDC-KGG, 2022 WL 293242, at *2 (D. Kan. Feb. 1, 2022). But, "[t]he indiscriminate appointment of volunteer counsel to undeserving claims waste[s] . . . precious resource[s] and may discourage attorneys from donating their time. *Id.* (citing *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992)).

---

[2] The District's Model Motion for appointment of counsel also asks the movant to explain "whether the party has made a diligent effort to retain an attorney." *Hasenbank v. Gronniger*, No. 20-4082-JTM-ADM, 2020 WL 8482984, at *1 (D. Kan. Dec. 21, 2020) (citation omitted). Plaintiff's Motion does not indicate any efforts to retain an attorney. Even if the Court could find that Plaintiff had exercised diligence, it would not request volunteer counsel at this stage of the proceedings for the reasons explained herein.

## II. DISCUSSION

Plaintiff's Motion references a prior, now-closed lawsuit Plaintiff filed in the District involving the same excessive force allegations against some of the same Defendants. *See* ECF No. 18 at 2 (referencing *Cheatham v. Howes,* No. 25-3091-JWL (D. Kan.). In that case, Plaintiff filed multiple motions for the appointment of counsel, all of which were denied. The Court denied the first motion because "(1) it [wa]s not clear at this juncture that Plaintiff ha[d] asserted a colorable claim against a named defendant; (2) the issues [we]re not complex; and (3) Plaintiff appear[ed] capable of adequately presenting facts and arguments." *Id.,* 2025 WL 1784928, at *11 (D. Kan. June 27, 2025). The Court denied Plaintiff's second and third motions for appointment of counsel for the same reasons. *See id.,* 2026 WL 411738, at *5 (D. Kan. Feb. 13, 2026); *id.*, ECF No. 45 (D. Kan. Dec. 4, 2025). And the fourth motion for appointment of counsel was denied as premature and in violation of the Court's prior order. *Id.,* ECF No. 48 (Dec. 9, 2025). Plaintiff was warned that if he "continues to file motions despite the Court's orders directing him to refrain from doing so, the Court may consider filing restrictions." *Id.* at 2. Ultimately, the Court granted Defendants' motion for summary judgment and that case was dismissed without prejudice for Plaintiff's failure to exhaust available administrative remedies. *Id.,* ECF Nos. 108-09.

Plaintiff's Motion is his first request in this lawsuit for the appointment of counsel. But just as with his prior motions, the factors listed above generally weigh against appointing counsel at this stage of the litigation. *First*, while Plaintiff's excessive force claim has survived statutory screening, that alone typically does not provide the Court with enough information to determine that the case has sufficient merit for the Court to appoint counsel. *Compare with Rogers v. English*, No. 19-3145-JAR-ADM, 2021 WL 4940914, at *4 (D. Kan. Oct. 22, 2021) (explaining that the remaining claim had survived a screening order by one district judge, a ruling on a dispositive

motion by a different district judge, and a motion for reconsideration of that ruling, which was decided by a third district judge and concluding that because plaintiff's "case has now been thoroughly vetted by three different presiding judges" the court had "little trouble concluding" the case was "more meritorious than" others). The Court cannot say at this early stage that Plaintiff's claims are any more or less meritorious than other civil rights cases brought by incarcerated pro se litigants.

*Second*, the factual and legal issues in this case are not complex and Plaintiff's Motion does not address complexity, which weighs against appointing counsel. Instead, Plaintiff states:

> Plaintiff cannot Present/investigate all evidence in this matter concerning Policy & Procedure on "use of forces" as, this document is privillege from view of inmates, as a security risk.

ECF No. 18 at 2 (all language original). It is not uncommon for a pro se incarcerated litigant's case to involve policy review of this nature and the Court will not presume at this early stage of the litigation, before any discovery has occurred, that Plaintiff cannot access certain types of information that may be relevant to his claim. Again, Plaintiff does not demonstrate how his case is uniquely or unusually complicated such that the appointment of counsel is warranted.

*Third*, regarding Plaintiff's capacity to prepare and present the case without the aid of counsel, Plaintiff does not otherwise address this factor. While the presentation of his claims is no doubt made more difficult due to Plaintiff's incarceration, Plaintiff has not established that he is unable to present his claims. *See Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021) (denying a motion to appoint counsel where the plaintiff "ha[d] demonstrated no reason why he [wa]s unable to adequately present the case on his own."). In this case, Plaintiff has filed several documents and motions, indicating that he is able to effectively communicate with the Court to present his claims. Based on the record of this case to date, as well

as Plaintiff's actions in his prior lawsuit, the Court finds that Plaintiff is capable of preparing and presenting his case. This factor weighs against appointment of counsel.

On balance, the Court finds that the above factors weigh against appointing counsel. The Court denies the Motion without prejudice to refiling only after the summary judgment stage. Rulings on summary judgment motions aid in evaluating the merits of Plaintiff's claims because summary judgment briefing after the close of discovery necessarily clarifies what supporting evidence was obtained during discovery and whether any claims ultimately may proceed to trial. Because summary judgment rulings provide significant information from which the Court can evaluate the merits of an IFP plaintiff's claims, it is not uncommon for the Court to reevaluate appointment of counsel after the summary judgment stage. *See, e.g.*, *Tahchawwickah v. Brennon*, No. 23-3238-EFM-ADM, 2024 WL 1177238, at *2 (D. Kan. Mar. 19, 2024) (denying a motion for appointment of counsel "without prejudice to refiling after the district judge rules on all summary-judgment motions and indicates that the case will proceed to trial"). After the summary judgment stage, the Court also will have more information from which it can evaluate Plaintiff's ability to prepare and present his case. Any motions requesting the appointment of counsel filed before this timeframe may be denied as premature and for noncompliance with this Order.

## III. CONCLUSION

Because the Court finds that the above factors generally weigh against appointing counsel, Plaintiff's Motion to Appoint Counsel, ECF No. 18, is **DENIED** without prejudice to refiling only if Plaintiff's case remains pending following decisions on any summary judgment motions.

**IT IS SO ORDERED.**

Dated: October 29, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge