**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RYAN CHRISTOPHER CHEATHAM,<br><br>Plaintiff,<br><br>v.<br><br>JERRY BARTON, et al.,<br><br>Defendants. | Case No. 26-3208-JMK-RES |

**ORDER**

This matter comes before the Court on pro se Plaintiff Ryan Christopher Cheatham's Motion to Consolidate Cases. ECF No. 17.[1] The Court previously stayed briefing on the Motion because the face of the Motion does not establish an entitlement to the relief requested, and briefing would not affect the outcome of the ruling. ECF No. 24 at 2. For the reasons explained below, the Motion is denied.

Pursuant to Federal Rule of Civil Procedure 42, Plaintiff requests that the Court consolidate this case with one of Plaintiff's other cases pending in this District, *Cheatham v. Easley* ("*Easley*"), No. 25-3241-HLT-GEB (D. Kan.). ECF No. 17 at 2. Under Rule 42(a)(2), the Court may consolidate actions that involve a "common question of law or fact." Fed. R. Civ. P. 42(a)(2). The decision whether to consolidate cases is within the Court's discretion. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation

[1] The Court liberally construes a pro se party's filings and holds them to a less stringent standard than those drafted by lawyers, but the Court does not assume the role of the pro se party's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

would cause." *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008). "In exercising its discretion, the Court should also consider: (1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate." *Queen v. Kan. City, Kan. Police Dep't*, No. 25-2292-JAR-TJJ, 2025 WL 1927716, at *1 (D. Kan. July 14, 2025) (internal quotations omitted); *see also Shump*, 574 F.2d at 1344 (finding no error in denial of a motion to consolidate where "the relief sought varied substantially, the named Defendants were being sued in different capacities, and Appellants have completely failed to establish that which would be gained by consolidation or that they would suffer injury by failure to consolidate"). The moving party "bears the burden of showing that the balance weighs in favor of consolidation." *Queen*, 2025 WL 1927716, at *1

Plaintiff has not carried his burden to show consolidation is warranted. Although Plaintiff references Rule 42, he does not address Rule 42's requirements that consolidation is only appropriate in actions involving "common questions of law or fact," and he does not specifically address the above considerations the Court evaluates when determining whether to consolidate actions. Instead, Plaintiff states he wants to conserve judicial resources and notes that he plans to file early summary judgment motions in both cases, which he has now done. *See* ECF No. 19; *see also Easley*, No. 25-3241-HLT-GEB, ECF No. 54. Plaintiff also notes that he has requested counsel in both cases, but the Court has denied his motion for appointment of counsel without prejudice to refiling in this case. *See* ECF No. 20. The fact that Plaintiff has filed similar motions in two of his cases does not demonstrate that these cases involve common questions of law or fact.

On the contrary, the cases involve different defendants and arise from different facts. This case involves Eighth Amendment excessive-force claims against Lansing Correctional Facility

("LCF") Officers Jerry Barton and Nathan Hoag for alleged events that occurred at LCF on March 13, 2025. ECF No. 13 at 1 (screening order describing the claims that survived statutory screening). In contrast, *Easley* involves Eighth Amendment excessive-force claims, but those claims are asserted against entirely different defendants who work at an entirely different facility—the Larned State Correctional Facility ("LSCF")—for events that occurred July 4, 2025, at LSCF. *See generally Easley*, No. 25-3241-HLT-GEB, ECF No. 50 (screening order describing the claims that survived statutory screening). Plaintiff has not identified any common questions of law or fact, and the Court does not independently identify any either. Plaintiff has not addressed the additional matters the Court traditionally considers when addressing consolidation, and the Court declines to make arguments on Plaintiff's behalf when he bears the burden of establishing that consolidation is warranted.

In sum, judicial efficiency is not served by consolidation in this case. For these reasons, and in an exercise of its discretion, the Court denies the Motion. *See generally Requena v. Roberts*, 689 F. App'x 619, 620 (10th Cir. 2017) ("The district court acted within its discretion in concluding that these cases lack a common core of facts or law sufficient to justify consolidation.").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Consolidate Cases, ECF No. 17, is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 10, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge